IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

      Plaintiff,

v.                                                               No. 1:23-cv-00254-SCY

BERNALILLO COUNTY SHERIFF'S DEPARTMENT,
ROBERT WARRICK,
GARLAND LEATHERMAN, and
ALTON SMITH,

      Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE
## AND ORDER FOR AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, filed a Complaint asserting civil rights and tort claims against the Bernalillo County Sheriff's Department and officers of the Bernalillo County Sheriff's Department. *See* Complaint for a Civil Case, Doc. 1, filed March 23, 2023 ("Complaint"). Plaintiff alleges Defendants violated his civil rights by evicting Plaintiff and his wife Emma Serna from "the Property in question" based on a judgment of foreclosure in state court granted in favor of David and Margette Webster. Complaint at 2-4. Plaintiff seeks damages in the amount of $250,000.00. *See* Complaint at 11. Plaintiff's claims arise from three "incidents."

**First Incident**

Plaintiff alleges the "first incident with the Bernalillo County Sheriff's Department deputies was back in April, 2017" when the deputies executed a writ and required Plaintiff and his wife to pay $20,000.00. Complaint at 4.

It appears that Plaintiff's claims based on the first incident are barred by the statutes of limitations. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). It also appears that Defendants may be entitled to quasi-judicial immunity, discussed below, because they were executing a court order. The Court orders Plaintiff to show cause why the Court should not dismiss the claims arising from the first incident as barred by the statutes of limitations and based on quasi-judicial immunity.

**Second Incident**

The second incident arose:

> On September 26, 2022, David and Margette Webster handed the deputies another writ which was to evict the Plaintiff, and his family from the "Mike R. Serna Irrevocable Living Trust Property". The writ had a Big X, stating that the attorney for the two Webster's [sic] had written up the writ, and the judge refused to sign the writ. The unsigned Writ was presented to the Serna's [sic], and were asked to leave the premises within 5 minutes. The deputies had locks on the doors changed, and had the Plaintiff, and his family take only the possessions that they needed immediately, clothes, toiletries, etc.
> ....
>
> The two deputies knew that the "writ" was not legal. A writ has to have a signature, and the case was and still is in State Court of Appeals. The deputies called state district court to find out if there was a signed writ, and the clerk said yes. The deputy then called the Court of Appeals, and asked the clerk, should I foreclose on this property, and the clerk said, yes.
> ....
>
> The judge's assistant signed a copy of the writ to make it look legitimate. See copy of writ exhibit 2 ... the deputies evicted the Serna's [sic], from the Property.

Complaint at 6-7. A "copy of the writ exhibit 2" was not attached to the Complaint.

"[J]ust as judges acting their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (stating that an official's quasi-judicial immunity derives from judicial immunity) (quotation marks and citations omitted).

It appears that Defendants are entitled to quasi-judicial immunity. It seems that the deputies were acting on a facially valid court order because Plaintiff states the "deputies called state district court to find out if there was a signed writ, and the clerk said yes. The deputy then called the Court of Appeals, and asked the clerk, should I foreclose on this property, and the clerk said, yes." Complaint at 7.

Plaintiff alleges that the writ was "unsigned" and that "the judge's assistant signed a copy of the writ to make it look legitimate." Complaint at 6-7. Plaintiff did not file a copy of the writ and does not identify the case number for the state court that issued the writ. However, the Complaint states "On September 26, 2022, David and Margette Webster handed the deputies another writ which was to evict the Plaintiff and his family" from the Property at "10812 Olympic St., N.W., Albuquerque, NM 87114." Complaint at 6, 8. State-court records show that the state court issued a Post-Judgment Writ of Assistance on September 19, 2022, authorizing the Sheriff of Bernalillo County "to restore ownership of 10812 Olympic St. NW, Albuquerque, New Mexico 87114 to plaintiffs Margette Webster ... and David Webster." *See* Post-Judgment Writ of Assistance, filed September 19, 2022, in *Webster v. Serna*, No. D-202-CV-2019-04800, 2nd Judicial District Court (copy attached) ("state-court writ"). The state-court writ was signed by the state-court clerk, was issued with the express written approval of the state district court

3

judge and otherwise appears to comply with the New Mexico rule governing writs issued by district courts.[1]

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims arising from the second incident based on quasi-judicial immunity.

**Third Incident**

The only allegation regarding the third incident states in its entirety: "Third incident: I hired and paid the sheriff's department to serve a summons on David and Margette Webster, and after two months they would not or will not serve her because of prejudice situations and attitudes." Complaint at 8.

It appears that Plaintiff's civil rights claims based on the third incident should be dismissed for failure to state a claim. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations indicating that the deputies deprived Plaintiff of a federally protected right by failing to serve a summons on David and Margette Webster. The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's civil rights claims arising from the third incident.

---

[1] The New Mexico rule governing writs issued by district courts states:

> All writs issued by the district courts other than those enumerated in Paragraph A of this rule and Rules 1-065.1 and 1-065.2 NMRA may be issued only upon the express written approval of the district judge endorsed on the writ. All writs shall be signed by the clerk or deputy clerk of the district court and shall bear the court seal. In instances where written approval of the district judge is required, the procedure set out in Paragraphs C through I of this rule shall be followed.

N.M.R.A. 1-065.

**Claims on Behalf of Plaintiff's Family**

It appears Plaintiff may be asserting claims on behalf of his family because the Complaint states "the deputies wrongfully deprived [Plaintiff] and his family, of living in the Property ... My family and I deserve to be compensated for deprivation of our residence by these two deputies" and "Plaintiff believes we [Plaintiff and his wife] deserve to be compensated a sum of $250,000 for the mental trauma we experienced, and the loss of money ...."  Complaint at 8, 10.

It appears Plaintiff's claims on behalf of his family should be dismissed because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  The Court orders Plaintiff to show cause why the Court should not dismiss any claims Plaintiff is asserting on behalf of his family.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  https://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss the claims for the reasons stated above.  If Plaintiff asserts that the Court should not dismiss claims, Plaintiff must, within 21 days of entry of this Order, file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of the claims for the reasons stated above.

_____
**UNITED STATES MAGISTRATE JUDGE**