IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

        Plaintiff,

v.                                                                                                                              No. 1:23-cv-00254-MIS-SCY

BERNALILLO COUNTY SHERIFF'S DEPARTMENT,
ROBERT WARRICK,
GARLAND LEATHERMAN, and
ALTON SMITH,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed a Complaint asserting civil rights and tort claims against the Bernalillo County Sheriff's Department and deputies of the Bernalillo County Sheriff's Department. *See* Complaint for a Civil Case, Doc. 1, filed March 23, 2023 ("Complaint"). Plaintiff alleged Defendants violated his civil rights by, among other things, evicting Plaintiff and his wife Emma Serna from "the Property in question" based on a judgment of foreclosure in state court granted in favor of David and Margette Webster. Complaint at 2-4. Plaintiff seeks damages in the amount of $250,000.00. *See* Complaint at 11. Plaintiff's claims arose from three "incidents."

**First Incident**

Plaintiff alleged the "first incident with the Bernalillo County Sheriff's Department deputies was back in April, 2017" when the deputies executed a writ and required Plaintiff and his wife to pay $20,000.00. Complaint at 4.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

It appears that Plaintiff's claims based on the first incident are barred by the statutes of limitations. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury

Case 1:23-cv-00254-MIS-SCY   Document 20   Filed 06/21/23   Page 2 of 10

> claims"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). It also appears that Defendants may be entitled to quasi-judicial immunity, discussed below, because they were executing a court order.

Order to Show Cause at 2, Doc. 7, filed April 6, 2023 (ordering Plaintiff to show cause why the Court should not dismiss the claims arising from the first incident as barred by the statutes of limitations and based on quasi-judicial immunity).

**Second Incident**

> The second incident arose:

> On September 26, 2022, David and Margette Webster handed the deputies another writ which was to evict the Plaintiff, and his family from the "Mike R. Serna Irrevocable Living Trust Property". The writ had a Big X, stating that the attorney for the two Webster's [sic] had written up the writ, and the judge refused to sign the writ. The unsigned Writ was presented to the Serna's [sic], and were asked to leave the premises within 5 minutes. The deputies had locks on the doors changed, and had the Plaintiff, and his family take only the possessions that they needed immediately, clothes, toiletries, etc.

> \* \* \*

> The two deputies knew that the "writ" was not legal. A writ has to have a signature, and the case was and still is in State Court of Appeals. The deputies called state district court to find out if there was a signed writ, and the clerk said yes. The deputy then called the Court of Appeals, and asked the clerk, should I foreclose on this property, and the clerk said, yes.

> \* \* \*

> The judge's assistant signed a copy of the writ to make it look legitimate. See copy of writ exhibit 2 . . . the deputies evicted the Serna's [sic], from the Property.

Complaint at 6-7. A "copy of the writ exhibit 2" was not attached to the Complaint.

> Judge Yarbrough notified Plaintiff:

> "[J]ust as judges acting their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163

> (10th Cir. 2009) (stating that an official's quasi-judicial immunity derives from judicial immunity) (quotation marks and citations omitted).
>
> It appears that Defendants are entitled to quasi-judicial immunity. It seems that the deputies were acting on a facially valid court order because Plaintiff states the "deputies called state district court to find out if there was a signed writ, and the clerk said yes. The deputy then called the Court of Appeals, and asked the clerk, should I foreclose on this property, and the clerk said, yes." Complaint at 7.
>
> Plaintiff alleges that the writ was "unsigned" and that "the judge's assistant signed a copy of the writ to make it look legitimate." Complaint at 6-7. Plaintiff did not file a copy of the writ and does not identify the case number for the state court that issued the writ. However, the Complaint states "On September 26, 2022, David and Margette Webster handed the deputies another writ which was to evict the Plaintiff and his family" from the Property at "10812 Olympic St., N.W., Albuquerque, NM 87114." Complaint at 6, 8. State-court records show that the state court issued a Post-Judgment Writ of Assistance on September 19, 2022, authorizing the Sheriff of Bernalillo County "to restore ownership of 10812 Olympic St. NW, Albuquerque, New Mexico 87114 to plaintiffs Margette Webster . . . and David Webster." *See* Post-Judgment Writ of Assistance, filed September 19, 2022, in *Webster v. Serna*, No. D-202-CV-2019-04800, 2nd Judicial District Court (copy attached) ("state-court writ"). The state-court writ was signed by the state-court clerk, was issued with the express written approval of the state district court judge and otherwise appears to comply with the New Mexico rule governing writs issued by district courts [N.M.R.A. 1-065].

Order to Show Cause at 3-4 (ordering Plaintiff to show cause why the Court should not dismiss Plaintiff's claims arising from the second incident based on quasi-judicial immunity).

**Third Incident**

The only allegation regarding the third incident stated in its entirety: "Third incident: I hired and paid the sheriff's department to serve a summons on David and Margette Webster, and after two months they would not or will not serve her because of prejudice situations and attitudes." Complaint at 8.

> Judge Yarbrough notified Plaintiff that:
>
> It appears that Plaintiff's civil rights claims based on the third incident should be dismissed for failure to state a claim. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir.

3

> 2016). There are no factual allegations indicating that the deputies deprived Plaintiff of a federally protected right by failing to serve a summons on David and Margette Webster.

Order to Show Cause at 4 (ordering Plaintiff to show cause why the Court should not dismiss Plaintiff's civil rights claims arising from the third incident). Judge Yarbrough also ordered Plaintiff to file an amended complaint. *See* Order to Show Cause at 6.

**The Amended Complaint and Show Cause Response**

The Amended Complaint asserts federal civil rights claims and claims pursuant to the New Mexico Tort Claims Act and the New Mexico Constitution based on the three incidents described in the original Complaint. *See* Amended Complaint, Doc. 11, filed April 21, 2023.

Plaintiff's Response to Judge Yarbrough's Order to Show Cause states that the first incident, the Defendants' collection of funds in 2017, "[t]hough it is out of jurisdiction it demonstrates the false evidence, and deliberate deception by David and Margette Webster, and the deputies who collected the money, back in 2017, and the pattern of deception, and conspiracy." Response at 2, Doc. 10, filed April 21, 2023. Plaintiff's Response does not argue that Defendants are not entitled to quasi-judicial immunity.

Regarding the second incident, the deputies' eviction of Plaintiff in 2022, Plaintiff repeats his contention that the writ of eviction was not properly signed and sealed. *See* Response at 3. The Response does not address Judge Yarbrough's statement that: "The state-court writ was signed by the state-court clerk, was issued with the express written approval of the state district court judge and otherwise appears to comply with the New Mexico rule governing writs issued by district courts." Order to Show Cause at 3-4. Plaintiff makes the conclusory allegation that there was "a conspiracy with all those who were going to participate in the eviction," but does not support that allegation with factual allegations. Response at 3; *see Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th

Cir. 2005) ("[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action.") (citations and quotation marks omitted).

The Response does not address Judge Yarbrough's statement regarding the third incident, the deputies' failure to serve a summons on the Websters, that: "It appears that Plaintiff's civil rights claims based on the third incident should be dismissed for failure to state a claim . . . [because] There are no factual allegations indicating that the deputies deprived Plaintiff of a federally protected right by failing to serve a summons on David and Margette Webster." Order to Show Cause at 4.

**Motion to Dismiss**

The individual Defendants filed a Motion to Dismiss before Plaintiff filed his Amended Complaint. *See* Doc. 9, filed April 19, 2023 ("First Motion to Dismiss"). Judge Yarbrough denied the First Motion to Dismiss, which addressed the original Complaint, without prejudice because "an amended complaint supersedes the original complaint and renders the original complaint of no effect." Doc. 12, filed April 28, 2023 (quoting *Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991))).

The individual Defendants filed their Second Motion to Dismiss, which is now before the Court, addressing the Amended Complaint. *See* Doc. 15, filed May 16, 2023. Plaintiff filed a Response to both Motions to Dismiss along with two Motions for Leave of Court asking the Court for permission to file responses to the Motions to Dismiss. *See* Doc. 13, filed April 27, 2023; Doc. 17, filed May 24, 2023. The Court denies Plaintiff's Motions for Leave of Court as moot because

District of New Mexico Local Rule of Civil Procedure 7.4(a) authorizes the filing of a response within 14 days after service of a motion.

The individual Defendants' Second Motion to Dismiss seeks dismissal for failure to state a claim based on the same issues identified by Judge Yarbrough: (i) claims based on the first incident are barred by the statute of limitations and Defendants are entitled to quasi-judicial immunity; (ii) Defendants are entitled to quasi-judicial immunity on claims regarding the second incident because they were evicting Plaintiff based on a valid writ; and (iii) Plaintiff failed to show Defendants deprived Plaintiff of a federally protected right by failing to serve a summons on the Websters. *See* Doc. 15.

In his Response to the Second Motion to Dismiss, Plaintiff contends: (i) Defendants are "causing an extra expense on the Court by filing" their second Motion to Dismiss; (ii) Defendants "trespass[ed] without a signed warrant," and that "the writ was not signed;" and (iii) he "believe[s] that the deputies were out to harm the Plaintiff, and his family." Response at 1-3, Doc. 16, filed May 24, 2023.

First and Second Incidents

The Court dismisses the federal civil rights claims against Defendants arising from the first incident, the deputies' collection of money in 2017, and the second incident, the Defendants' eviction of Plaintiff, because Defendants are entitled to quasi-judicial immunity.

Plaintiff's Response to the Second Motion to Dismiss state that the writ for eviction was not valid because it was unsigned and identified the wrong entity. *See* Response to Second Motion to Dismiss at 2 (stating" the writ was not signed"). The Amended Complaint alleges that:

> The deputies know and have an obligation, to the people, to make an ethical decision whether to carry out the task of a writ, for a person, based upon what is fair and reasonable, and legal. This had happened in 2017, and now in September 26, 2022, the deputies knowing Margette's malintentions, and having experienced

> them before, should of realized that a person can not deprive a home owner of his rights, and the equity in the home.

Amended Complaint at 6. The Amended Complaint, however, does not contain any factual allegations showing that the writ for the 2017 incident was not facially valid.[1] The Amended Complaint alleges that the writ for the 2022 incident was not signed, however, state-court records show that the writ was signed by the state-court clerk, was issued with the express written approval of the state district court judge and otherwise appears to comply with the New Mexico rule governing writs issued by district courts.[2] *See* Post-Judgment Writ of Assistance, filed September 19, 2022, in *Webster v. Serna*, No. D-202-CV-2019-04800, 2nd Judicial District Court, Bernalillo County, New Mexico; *Bruce v. City and County of Denver*, 57 F.4th 738, 741 n.3 (10th Cir. 2023) ("In ruling on a motion to dismiss, a federal court may take judicial notice of another court's publicly filed records if they have a direct relation to matters at issue. However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein.") (citations, quotation marks and brackets omitted).

The Court dismisses Plaintiff's federal civil rights claims arising from the first and second incidents for failure to state a claim because the individual Defendants are entitled to quasi-judicial immunity. *See Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (noting "official[s] charged

---

[1] The Amended Complaint does not clearly show that Defendants, who evicted Plaintiff in 2022 and failed to serve the Websters in 2023, are the same deputies that collected money from Plaintiff in 2017.

[2] The New Mexico rule governing writs issued by district courts states:

> All writs issued by the district courts other than those enumerated in Paragraph A of this rule and Rules 1-065.1 and 1-065.2 NMRA may be issued only upon the express written approval of the district judge endorsed on the writ. All writs shall be signed by the clerk or deputy clerk of the district court and shall bear the court seal. In instances where written approval of the district judge is required, the procedure set out in Paragraphs C through I of this rule shall be followed.

N.M.R.A. 1-065.

with the duty of executing a facially valid court order enjoy [] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order").

Third Incident – Failure to Serve

The Court dismisses the federal civil rights claims that arise from the third incident, the deputies' failure to serve the Websters, for failure to state a claim. The only allegations in the Amended Complaint regarding the third incident state:

> The deputies have an obligation that the proper party is being served with an order.
>
> * * *
>
> In January 27, 2023 and February 02, 2023, the Plaintiff filed a lawsuit, to be served by the deputies, with a summons, to David Webster, and Margette Webster for a Wrongful Foreclosure, and after two months there was a no action on either file. The friendship between the two Websters, and the deputies did not allow the service of summons to take place. The deputies told Margette not to open the door.

Complaint at 5, 7. There are no allegations in the Amended Complaint showing that the individual Defendants' deprived Plaintiff of a federally protected right by failing to serve the Websters. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law.").

**Claims Against Bernalillo County Sheriff's Department**

The Second Motion to Dismiss was filed by the individual Defendants, Deputies Leatherman, Smith and Warrick. Defendant Bernalillo County Sheriff's Department has not appeared in this case and has not filed a responsive pleading. The docket does not show that Plaintiff served Defendant Bernalillo County Sheriff's Department with process. While the Amended Complaint contains allegations regarding the individual Defendants, there are no allegations regarding Defendant Bernalillo County Sheriff's Department.

The Court dismisses Plaintiff's claims against Defendant Bernalillo County Sheriff's Department because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

To the extent that Plaintiff is asserting federal civil rights claims against Bernalillo County, the Court dismisses those claims because: (i) the Court is dismissing Plaintiff's claims that the Bernalillo County Sheriff Deputies violated Plaintiff's federal rights; and (ii) Plaintiff has not alleged that a Bernalillo County policy or custom was the moving force behind the alleged constitutional violations. *See McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) ("To hold a local government liable under § 1983, a plaintiff must prove: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.") (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

Conclusion

The Court grants the individual Defendants' Motion to Dismiss the Amended Complaint in part and dismisses Plaintiff's federal-law claims with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against the individual Defendants and dismisses Plaintiff's state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). The Court dismisses Plaintiff's

claims against the Bernalillo County Sheriff's Department. Having dismissed all of Plaintiff's claims, the Court dismisses this case.

**IT IS ORDERED** that:

(i) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. 15, filed May 16, 2023, is **GRANTED in part** as follows. Plaintiff's federal-law claims against the individual Defendants and Defendant Bernalillo County Sheriff's Department are **DISMISSED with prejudice.** Plaintiff's state-law claims against Defendants are **DISMISSED without prejudice.**

(ii) Plaintiff's Motion for Leave of Court, Doc. 13, filed April 27, 2023, is **DENIED as moot.**

(iii) Plaintiff's Motion for Leave of Court, Doc. 17, filed May 24, 2023, is **DENIED as moot.**

(iv) This case is **DISMISSED.**

*/s/ Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE